FILED

NOT FOR PUBLICATION

NOV 10 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50343 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-01362-DMS-1 |
| v. | |
| EDUARDO GUERRERO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted November 5, 2010[**]
Pasadena, California

Before: GOODWIN and RAWLINSON, Circuit Judges, and SEABRIGHT,

District Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable J. Michael Seabright, United States District Judge for the District of Hawaii, sitting by designation.

Eduardo Guerrero appeals his conviction for transportation of illegal aliens and aiding and abetting commission of that offense in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and (v)(II). Guerrero challenges the district court's denial of his motion to suppress evidence obtained as a result of an investigatory stop of his vehicle by a U.S. Border Patrol agent. Guerrero contends that the agent lacked reasonable suspicion for the stop, violating his rights under the Fourth Amendment. We affirm.

An investigatory stop does not violate the Fourth Amendment "if the officer has a reasonable suspicion supported by articulable facts that criminal activity 'may be afoot.'" *United States v. Sokolow*, 490 U.S. 1, 7 (1989) (quoting *Terry v. Ohio*, 392 U.S. 1, 30 (1968)). To determine whether a stop was supported by reasonable suspicion, "we consider whether, in light of the totality of the circumstances, the officer had a 'particularized and objective basis for suspecting the particular person stopped of criminal activity.'" *United States v. Berber-Tinoco*, 510 F.3d 1083, 1087 (9th Cir. 2007) (quoting *United States v. Cortez*, 449 U.S. 411, 417–18 (1981)). "In the context of border patrol stops, relevant facts include: '(1) characteristics of the area; (2) proximity to the border; (3) usual patterns of traffic and time of day; (4) previous alien or drug smuggling in the area; behavior of the driver, including obvious attempts to evade officers; (6)

2

appearance or behavior of passengers; (7) model and appearance of the vehicle; and, (8) officer experience.'" *United States v. Palos-Marquez*, 591 F.3d 1272, 1277 (9th Cir. 2010) (quoting *United States v. Garcia-Barron*, 116 F.3d 1305, 1307 (9th Cir. 1997)).

Guerrero was stopped by U.S. Border Patrol Agent Terence Shigg a mile south of the San Clemente Border Control Checkpoint, which is located roughly forty miles north of the U.S. border. At an evidentiary hearing, Shigg testified that he was patrolling Interstate 5 just south of the checkpoint when he first noticed Guerrero's mid-sized sport-utility vehicle because it appeared to be heavily laden and had darkly tinted windows. A twelve-year veteran of the border patrol and a member of its Smuggling Interdiction Group, Shigg testified that the suspension of smugglers's vehicles often sags due to the weight of their cargo and that smugglers frequently tint their windows very dark to prevent their passengers from being seen. Shigg further testified that the late-model vehicle had a temporary paper license plate, which he testified smugglers often use to avoid registration checks. The district court noted that it was unusual for a late-model vehicle, as opposed to a new car, to have temporary license plates. After following the vehicle, Shigg also noticed multiple passengers in the cargo area who appeared to be lying down in order to avoid being seen. Shigg testified smugglers often tell their passengers

3

to try to avoid being seen while in the vicinity of the checkpoint.  In denying

Guerrero's motion, the district court found Shigg's testimony credible.

Noting that none of the circumstances identified by Agent Shigg constituted

a vehicle code violation, Guerrero argues that the individual factors here, such as

the vehicle's appearance of being heavily laden, were insufficient to support a

reasonable suspicion of criminal activity.  *See United States v. Garcia-Camacho*,

53 F.3d 244, 249 (9th Cir. 1995) (acknowledging that the heavily laden nature of a

truck is less suspicious because, unlike a passenger car, one of the normal uses of a

truck is to transport heavy materials).  Conduct that may be entirely innocent in

isolation, however, may support reasonable suspicion when viewed under the

totality of the circumstances.  *See Sokolow*, 490 U.S. 1, 10 (1989); *United States v.*

*Montero-Camargo*, 208 F.3d 1122, 1130 (9th Cir. 2000) (en banc) ("[S]ometimes

conduct that may be entirely innocuous when viewed in isolation may properly be

considered in arriving at a determination that reasonable suspicion exists.").

In addition to its heavily laden appearance, Shigg based the stop of

Guerrero's vehicle on the darkness of its windows, its temporary license plates, the

conduct of the passengers, and the proximity of the border checkpoint.  The

combination of these otherwise innocuous factors was sufficient here to give an

experienced officer a reasonable basis to suspect wrongdoing.  Accordingly, the

4

stop of Guerrero's vehicle did not violate his Fourth Amendment rights and the evidence obtained was admissible.

AFFIRMED

*U.S. v. Guerrero*, **Case No. 09-50343**
**Rawlinson, Circuit Judge, concurring:**

I concur in the result.